IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00642-BNB

GEORGE ALLENKALANI DUTRO,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CCA – CROWLEY COUNTY CORRECTIONAL FACILITY CONTRACTOR FOR CDOC,
ARISTEDES ZAVARAS, individually and as agent for CDOC,
DICK SMELSER, Warden of CCA, individually and as agent for CCA,
JUDY BRIZENDINE, Medical HSA, individually and as agent for CCA,
DR. SUTTON, individually and as agent for CCA,
DR. CABILING, individually and as agent for CCA,
DR. MILLER, individually and as agent for CCA, and
THERAPIST FOR MENTAL HEALTH APPODOCA, individually and as agent for CCA,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

## ORDER ALLOWING PLAINTIFF TO PROCEED WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

In an order filed on April 15, 2009, the court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court ordered Plaintiff either to pay an initial partial filing fee of $2.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On May 12, 2009, Plaintiff submitted a copy of his inmate trust fund account statement showing that the current balance in his inmate account as of May 6, 2009, is $0.18. The affidavit Plaintiff previously submitted in support of his motion seeking leave to proceed *in forma pauperis* reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full

amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Plaintiff will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's April 15 order. The court will proceed to review the complaint pursuant to § 1915(e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Plaintiff remains obligated to pay the full $350.00 filing fee through monthly installments as directed in the court's April 15 order and reiterated below. Accordingly, it is

ORDERED that Plaintiff may proceed in this action without payment of the initial partial filing fee designated in the court's April 15, 2009, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1). It is

FURTHER ORDERED that until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary

arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED May 15, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Case 1:09-cv-00642-WYD-KLM   Document 8   Filed 05/15/09   USDC Colorado   Page 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00642-BNB

George A. Dutro
Prisoner No. 126111
Crowley County Corr. Facility
6564 State Hwy. 96 - Unit 3B
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk