IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-00642-BNB

MAY 2 1 2009

GEORGE ALLENKALANI DUTRO,

GREGORY C. LANGHAM
CLERK

   Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CCA – CROWLEY COUNTY CORRECTIONAL FACILITY CONTRACTOR FOR CDOC,
ARISTEDES ZAVARAS, individually and as agent for CDOC,
DICK SMELSER, Warden of CCA, individually and as agent for CCA,
JUDY BRIZENDINE, Medical HSA, individually and as agent for CCA,
DR. SUTTON, individually and as agent for CCA,
DR. CABILING, individually and as agent for CCA,
DR. MILLER, individually and as agent for CCA, and
THERAPIST FOR MENTAL HEALTH APPODOCA, individually and as agent for CCA,

   Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

   Plaintiff, George Allenkalani Dutro, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Dutro has filed *pro se* a Prisoner Complaint asserting three claims pursuant to 42 U.S.C. § 1983 that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Dutro is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Dutro will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Dutro and finds that it is deficient because Mr. Dutro fails to allege facts that demonstrate how the named Defendants personally participated in the asserted constitutional violations. Although Mr. Dutro asserts that he has been subjected to cruel and unusual punishment and that he has been denied due process, he fails to provide specific factual allegations that detail how each named Defendant allegedly subjected him to cruel and unusual punishment or denied him due process.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Dutro must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Dutro will be ordered to file an amended complaint to allege personal participation in the asserted constitutional violations by each of the named Defendants. Mr. Dutro is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal

right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E.***

***Agents***, 492  F.3d 1158, 1163 (10th Cir. 2007).  Mr. Dutro also is advised that § 1983

"provides a federal cause of action against any person who, acting under color of state

law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290

(1999).  Therefore, Mr. Dutro should name as Defendants in the amended complaint

the persons he believes actually violated his constitutional rights.  Accordingly, it is

ORDERED that Mr. Dutro file **within thirty (30) days from the date of this**

**order** an amended complaint that complies with this order if he wishes to pursue his

claims in this action.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Dutro, together with

a copy of this order, two copies of the following form:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Dutro fails to file an amended complaint that

complies with this order to the court's satisfaction within the time allowed, the complaint

and the action will be dismissed without further notice.

DATED May 21, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00642-BNB

George A. Dutro
Prisoner No. 126111
Crowley County Corr. Facility
6564 State Hwy. 96 - Unit 3B
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/21/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk