IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00642-BNB

GEORGE ALLENKALINI DUTRO,

     Plaintiff,

v.

GOVERNOR WILLIAM RITTER,
COLORADO DEPARTMENT OF CORRECTIONS,
CCA – CROWLEY COUNTY CORRECTIONAL FACILITY CONTRACTOR FOR CDOC,
ARISTEDES ZAVARAS, individually and as agent for CDOC,
DICK SMELSER, Warden of CCCF, individually and as agent for CCA,
JUDY BRIZENDINE, Medical HAS, individually and as agent for CCA,
DR. SUTTON, individually and as agent for CCA,
DR. CABILING, individually and as agent for CCA,
DR. OBBA, individually and as agent for CCA, and
RENAE JORDAN, individually and as agent for DOC,

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, George Allenkalini Dutro, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney

Springs, Colorado.  Mr. Dutro filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. §

1983 asserting that his rights under the United States Constitution have been violated.

On May 21, 2009, Magistrate Judge Boyd N. Boland determined that the Complaint was

deficient for failure to allege the personal participation of all named Defendants, and

ordered Mr. Dutro to file an Amended Prisoner Complaint. After receiving three extensions of time, Mr. Dutro filed an Amended Prisoner Complaint on September 21, 2009.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Dutro is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous pursuant to § 1915A(b)(1).

The Court must construe the complaint liberally because Mr. Dutro is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Dutro asserts two claims in the Amended Prisoner Complaint. First, he alleges that all named Defendants have failed to properly diagnose and treat his hepatitis B. Second, he alleges that all named Defendants have failed to properly

2

diagnose and treat skin cancer on Mr. Dutro's abdomen. Mr. Dutro appears to assert that Defendants have been deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

However, the Court notes that Mr. Dutro is suing four Defendants, Governor William Ritter, Colorado Department of Corrections, Corrections Corporation of America, DOC Executive Director Aristedes Zavaras, and Warden Dick Smelser, because those Defendants allegedly are responsible for the constitutional violations committed by other individuals. He may not do so because personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Dutro does not allege the personal participation of these Defendants. Accordingly, Defendants Governor William Ritter, Corrections Corporation of America, DOC Executive Director Aristedes Zavaras, and Warden Dick Smelser, will be dismissed as parties to this action.

The Amended Complaint also suffers from other deficiencies. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable

3

waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, Defendant Colorado Department of Corrections will be dismissed from the action.

The Court will not address at this time the merits of Mr. Dutro's Eighth Amendment claims against Defendants Judy Brizendine, Dr. Sutton, Dr. Cabiling, Dr. Obba and Renae Jordan. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendants Governor William Ritter, Colorado Department of Corrections, Corrections Corporation of America, DOC Executive Director Aristedes Zavaras, and Warden Dick Smelser are dismissed as parties to this action because the claims against them are legally frivolous. It is

4

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _4th_ day of _November_, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00642-BNB

George A. Dutro
Prisoner No.  126111
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk