IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00642-WYD-KLM

GEORGE ALLENKALANI DUTRO,

    Plaintiff,

v.

CCA - CROWLEY COUNTY CORRECTIONAL FACILITY, Contractor for CDOC,
JUDY BRIZENDINE, Medical HSA, in her individual capacity,
JUDY BRIZENDINE, Medical HSA, as an agent for CCA,
SUTTON, Dr., in his individual capacity,
SUTTON, Dr., as an agent for CCA,
CABILING, Dr., in his individual capacity,
CABILING, Dr., as an agent for CCA,
OBBA, Dr., in his individual capacity,
OBBA, Dr., as an agent for CCA,
RENAE JORDAN, as an agent CCA, and
RENAE JORDEN, in his individual capacity

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Jere G. Sutton, M.D.'s Motion to Dismiss Plaintiff's Amended Prisoner Complaint Under Fed. R. Civ. P. 12(b)(6)** [Docket No. 33; Filed January 5, 2010] ("Motion to Dismiss"). After several extensions of time, Plaintiff filed a Response on May 24, 2010 [Docket No. 62]. Because a reply would not materially assist my review, I consider the Motion to Dismiss to be fully briefed and ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motion to Dismiss has been referred to this Court for recommendation. The Court has reviewed the Motion to Dismiss, Plaintiff's Response, the case file, applicable case law and

is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion to Dismiss be **GRANTED**.

## I. Factual Background

Plaintiff, who is proceeding *pro se*, was incarcerated at the Crowley County Correctional Facility ("CCCF") in Olney Springs, Colorado. Pursuant to his Amended Complaint [Docket No. 17], Plaintiff brings two claims against Defendants to address the medical care he received while at CCCF. First, Plaintiff alleges that Defendants were deliberately indifferent toward a serious medical need by failing to properly diagnose and treat Plaintiff's hepatitis B ("Claim One"). Second, Plaintiff alleges that Defendants were deliberately indifferent toward a serious medical need by failing to properly diagnose and treat skin cancer on Plaintiff's abdomen ("Claim Two"). *See Order* [#18] at 2-3; *Amended Complaint* [#17] at 5-6.[1]

The only allegation asserted against Defendant Sutton in Plaintiff's Amended Complaint relates to Plaintiff's hepatitis B claim. Specifically, Plaintiff alleges that "[o]n February 1st and 6th 2007 both Dr. Sutton and Cabling made ref [sic] for interferon

---

[1] To the extent that Plaintiff's Amended Complaint references, but does not restate, a third claim from his original Complaint [Docket No. 4], the Court notes that the claim purports to state an alleged due process violation due to the "fail[ure] to provide medical treatment to the Plaintiff for his illnesses, and [failure] to resolve these issues through [the] grievance process." On preliminary review, Senior District Judge Zita L. Weinshienk did not reference any pending due process claim in Plaintiff's Amended Complaint. *See Order* [#18] at 2-4. Further, I note that the claim, which essentially seeks to hold Defendants liable for their alleged failure to provide adequate medical care, is appropriately analyzed pursuant to Plaintiff's Eighth Amendment claims asserted in Claims One and Two. *See Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis"). In conjunction with my Recommendation on Defendant Sutton's Motion to Dismiss, I also recommend that any third basis for relief Plaintiff intended to assert be analyzed pursuant to the Eighth Amendment.

2

treatment not to mention my assessment for 'Hep B' has now changed to 'Hep C' per Cabling." *Amended Complaint* [#17] at 5. Other than conclusory references to "Defendants" generally, the Amended Complaint contains no additional factual support for Plaintiff's claim against Defendant Sutton.

Pursuant the Motion to Dismiss, Defendant Sutton seeks dismissal of the case against him. In relation to Claim One, Defendant Sutton argues that Plaintiff has failed to state sufficient allegations to implicate an Eighth Amendment injury in relation to Defendant's conduct. *Motion to Dismiss* [#33] at 3-8. Although Defendant Sutton also seeks dismissal of Claim Two as it applies to him, *id.* at 8-9, I note that Claim Two does not reference Defendant Sutton and that Plaintiff concedes that he does not intend to assert a claim against Defendant Sutton in relation to this claim. *See id.* at 6; *see also Response* [#62] at 2. Accordingly, the Court's analysis is limited to whether Plaintiff has stated an Eighth Amendment claim against Defendant Sutton pursuant to Claim One.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or

4

construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

To survive Defendant Sutton's Motion to Dismiss, Plaintiff must "plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support [his] allegations." *Shero*, 510 F.3d at 1200 (citation omitted). As Plaintiff alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment, the Court must examine whether Plaintiff has pled sufficient facts to state a claim against Defendant Sutton for his alleged injury.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend VIII. As such, it requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Court's analysis of Plaintiffs' Eighth Amendment claims involves both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation. "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'"

5

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted). Here, the issue is the medical care that was provided to Plaintiff. "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

To the extent that Plaintiff also raises an issue related to the delay in receiving medical treatment, the Tenth Circuit has held that "(1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition" may "constitute deliberate indifference in a prison medical case." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2008)). However, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210 (noting that "not every twinge of pain suffered as the result of delay in medical care is actionable").

As to the subjective component, the Court considers whether Defendant Sutton intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. Deliberate indifference can only be proved by showing that Defendant Sutton "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. Assuming without deciding that Plaintiff has stated an objectively serious medical need, I find that the Motion to Dismiss can be resolved on whether Plaintiff's Amended Complaint makes sufficient factual allegations against Defendant Sutton to

satisfy the subjective component of the Eighth Amendment analysis.

As a preliminary matter, it should be noted that an inmate's difference of opinion concerning his medical treatment does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). As discussed at length below, a "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted). To the extent that Plaintiff, in his opinion, asserts that Defendants did not satisfactorily perform their duties given their failure to provide him with his desired treatment, "such a difference of opinion [often only] amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal [§ 1983] action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim).

As was the case in *Pearson*, "Plaintiff was not denied medical treatment, rather he merely disagrees" with the nature of the care provided by Defendants. *See id.* In relation to the present Motion to Dismiss, without specific allegations about Defendant Sutton's intent to provide deficient medical care, the Amended Complaint will lack sufficient proof of this Defendant's subjective desire to cause harm to Plaintiff to rise to the level of a constitutional violation. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202-06 (10th Cir. 1996) (holding that prisoner's complaint must go beyond conclusory allegations about the

depravity of defendants' conduct).

Conducting a liberal review of Plaintiff's Amended Complaint, his Eighth Amendment allegations against Defendant Sutton can be characterized, at best, as "conclusory . . . without supporting factual averments." *See Hall*, 935 F.2d at 1110 (recognizing that "the court need not accept as true . . . [any] conclusory allegations."). The only factual basis provided by Plaintiff to hold Defendant Sutton accountable for his alleged deficient medical care is that Defendant Sutton "and Cabling made ref [sic] for interferon treatment not to mention my assessment for 'Hep B' has now changed to 'Hep C' per Cabling." *Complaint* [#17] at 5. In his Response, Plaintiff further explains that "Dr. Sutton was the first to Make [sic] a statement about Interferon Treatment." *Response* [#62] at 1. The alleged conduct of Defendant Sutton, namely his recommendation that Plaintiff receive interferon treatment, does not evidence the degree of neglect sufficient to find that Defendant Sutton was deliberately indifferent to Plaintiff's medical needs. *See Free v. Unknown Officers of BOP*, 103 Fed. Appx. 334, 336-37 (10th Cir. June 29, 2004) (unpublished decision). Indeed, it evidences no neglect at all. *See Ashcroft*, 129 S. Ct. at 1950 ("[W]here the . . . facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (citation omitted)). Consequently, Defendant Sutton contends, and I agree, that "[t]here are simply no facts alleged that demonstrate a malicious intent or the degree of recklessness sufficient to state a claim for a constitutional violation." *Motion to Dismiss* [#33] at 8; *see Ashcroft*, 129 S. Ct. at 1954 (noting that plaintiffs must do more than plead "bare elements of [their] cause of action," or provide only general allegations, "and expect [their] complaint to survive a motion to dismiss"); *Houston v. Mile High Adventist Acad.*, 846 F. Supp. 1449, 1457-58 (D.

Colo. 1994) (holding that "the fail[ure] to identify any specific factual basis showing [an injury] . . . [does] nothing to inform Defendants of the nature of [the] claim" and is insufficient as a matter of law).

At present, the alleged liability of Defendant Sutton is "nothing more than a theoretical possibility in the absence of other, unnamed acts about which the court can only speculate at this point." *See Arocho v. Nafziger*, No. 07-cv-02603-REB-KLM, 2010 WL 681679, at *8 (10th Cir. Mar. 1, 2010) (unpublished decision). Nevertheless, it may be possible that Plaintiff intended to assert additional allegations against Defendant Sutton specifically related to this Defendant's provision of allegedly inadequate medical care. Given that Plaintiff is proceeding *pro se*, the Court recommends that the dismissal of Defendant Sutton be without prejudice to Plaintiff filing an amended complaint, if any, to remedy the stated deficiency. *See, e.g.*, *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).

The Court refers Plaintiff to Fed. R. Civ. P. 8, which requires that Plaintiff provide a sufficient factual basis for his claim against each Defendant. The Court is also mindful of Plaintiff's obligation pursuant to Fed. R. Civ. P. 11 to ensure the truthfulness of his statements to the Court. If Plaintiff cannot *truthfully* allege facts remedying the deficiency in an amended complaint by providing additional conduct of Defendant Sutton that allegedly contributed to his injuries, his amended pleading will suffer from the same fatal deficiency noted above and will undoubtedly be subject to summary dismissal.

### IV. Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that Defendant

9

Sutton's **Motion to Dismiss** [#33] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the **dismissal be without prejudice** to Plaintiff filing an amended complaint <u>after the Recommendation has been ruled upon</u> to attempt to assert a viable claim against Defendant Sutton.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  June 1, 2010

s/ Kristen L. Mix  
Kristen L. Mix  
United States Magistrate Judge