IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00642-WYD-KLM

GEORGE ALLENKALANI DUTRO,

        Plaintiff,

v.

CCA - CROWLEY COUNTY CORRECTIONAL FACILITY, Contractor for CDOC,
JUDY BRIZENDINE, Medical HSA, in her individual capacity,
JUDY BRIZENDINE, Medical HSA, as an agent for CCA,
CABILING, Dr., in his individual capacity,
CABILING, Dr., as an agent for CCA,
OBBA, Dr., in his individual capacity,
OBBA, Dr., as an agent for CCA,
RENAE JORDAN, as an agent CCA, and
RENAE JORDEN, in his individual capacity,

        Defendants.
_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

        This matter is before the Court pursuant to the Order to Show Cause [Docket No.

75] issued on December 20, 2010.  Plaintiff has failed to comply with the Order [#75] and

failed to show cause why his case should not be dismissed pursuant to Fed. R. Civ. P.

41(b).   Because Plaintiff is proceeding *pro se*, the Court has given him multiple

opportunities to comply with its orders and prosecute his case.  *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see, e.g.*,

*Minute Order* [Docket No. 60] (noting that Plaintiff failed to comply with a response deadline

and extending the deadline *sua sponte*); *Recommendation of United States Magistrate

Judge* [Docket No. 65] (recommending that Plaintiff be given the opportunity to file an

amended complaint should he wish to attempt to assert a viable claim against Defendant Sutton). However, the Court is not Plaintiff's advocate and it must recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Summary of the Case

On March 24, 2009, Plaintiff filed his Complaint [Docket No. 4]. At that time, Plaintiff was incarcerated at the Colorado Department of Corrections ("CDOC") Crowley County Correctional Facility. While still incarcerated, Plaintiff amended his Complaint on September 21, 2009. *Amended Complaint* [Docket No. 17]. On November 4, 2009, Senior District Judge Zita L. Weinshienk issued an Order [Docket No. 18] dismissing Plaintiff's claims against certain Defendants as legally frivolous. On January 5, 2010, Defendant Sutton filed a Motion to Dismiss [Docket No. 33]. On January 19, 2010, Plaintiff informed the Court that he had been released from the custody of CDOC. *See Letter of Jan. 19, 2010* [Docket No. 39].

On May 24, 2010, Plaintiff filed a Response [Docket No. 63] to Defendant Sutton's Motion to Dismiss [#33]. On June 1, 2010, the Court recommended that the Motion to Dismiss [#33] be granted. *Recommendation of United States Magistrate Judge* [#65]. On June 24, 2010, District Judge Wiley Y. Daniel issued an Order [Docket No. 66] adopting the Recommendation and dismissing Plaintiff's claims against Defendant Sutton.

On October 19, 2010 and November 5, 2010, the remaining Defendants filed Motions for Summary Judgment [Docket Nos. 68 and 71]. Plaintiff did not respond to the Motions [#68 & 71] by the deadline of November 29, 2010. *See Notice of Plaintiff's Failure*

*to Respond* [Docket No. 74].  Accordingly, the Court issued an Order to Show Cause [#75] on December 20, 2010.  The Order stated as follows: "Plaintiff shall respond in writing to this Order on or before **January 31, 2011**.  Failure to respond will result in the issuance of a recommendation to dismiss the case."  *Order to Show Cause* [#75].  To date, Plaintiff has not responded to the Order to Show Cause [#75], filed responses to the Motions for Summary Judgment [#68 & 71], or contacted the Court in any manner.

## II.  Analysis

Given Plaintiff's failure to prosecute his case, the Court considers whether the case should be dismissed with prejudice as a sanction pursuant to Fed. R. Civ. P. 41(b).[1]  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*  § 2369, at 576-77n.1 (3d ed. 2008); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or magistrate judge exercising consent may enter an order of dismissal with or without prejudice.").

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted), the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;

---

[1] While the Court could recommend dismissal solely on the basis of Fed. R. Civ. P. 4(m), such dismissal would be without prejudice.  Given Plaintiff's failure to comply with the Court's Order to Show Cause [#75] and the fact that Plaintiff has not contacted the Court in any manner since August 9, 2010, *see Notice of Change of Address* [Docket No. 67], the Court considers whether dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) would be more appropriate.

. . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[2]  *See also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A.    Prejudice to Defendants

After carefully reviewing the case file, the Court finds that Plaintiff's neglect of this case has prejudiced Defendants.  Defendants expended time and resources to prepare Motions for Summary Judgment [#68 & 71].  It would further waste Defendants' time and resources to require them to continue to defend this action when it appears that Plaintiff has no interest in prosecuting it.  While the prejudice to Defendants thus far has not been egregious, were the case to proceed, Defendants would be required to incur additional expense to comply with Court orders and to reply to any responses filed by Plaintiff.

### B.    Interference with the Judicial Process

The Court finds that Plaintiff's failure to prosecute his case, and specifically his failure to comply with the Order to Show Cause [#75], necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to follow the Court's Order [#75] evidences a lack of respect for the Court and the

---

[2] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same.  *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

judicial process.  In addition, the Court's need to frequently review the case file and issue

the Order to Show Cause [#75] and this Recommendation, which were necessitated by

Plaintiff's neglect, increases the workload of the Court and takes its attention away from

other matters where the parties have fulfilled their obligations and are deserving of prompt

resolution of their issues.  "This [Recommendation] is a perfect example [of additional work

created for the Court], demonstrating the substantial time and expense required to perform

the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-

cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unreported decision).

### C.    Culpability of Plaintiff

Plaintiff has, without any reasonable excuse, ignored the Court's Order [#75] and

failed to move his case forward.  Specifically, Plaintiff has failed to show cause why his

case should not be dismissed.  He has not provided any justification for his failure to

respond to the pending Motions for Summary Judgment [#68 & 71], and he has not

contacted the Court in any manner for more than five months.  From this history, the Court

concludes that Plaintiff's litigation failures are willful.  Moreover, the claims asserted in

Plaintiff's Amended Complaint [#17] are based on an alleged "denial of health care" to

Plaintiff while he was incarcerated.  *Amended Complaint* [#17] at 5.  Since Plaintiff has

been released from CDOC custody, he has appeared less interested in pursuing his claims.

### D.    Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to

move it forward.  *Order to Show Cause* [#75].  Although Plaintiff is proceeding *pro se*, he

is required to read and follow the rules of the Court.  *Green v. Dorrell*, 969 F.2d 915, 917

(10th Cir. 1992).  Accordingly, it should be no surprise to Plaintiff that his failure to

prosecute his case could result in the sanction of dismissal.

### E.       Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective.

Nothing in the record before the Court excuses Plaintiff's neglect.  Given that Plaintiff has

failed to contact the Court in any manner since filing a Notice of Change of Address [#67]

on August 9, 2010, an additional order to obtain his compliance with the Court's prior Order

[#75] is likely to be ineffective.  Under these circumstances, no lesser sanction is warranted

and dismissal is the appropriate result.  While the Court could recommend dismissal

without prejudice pursuant to Fed. R. Civ. P. 4(m), given the circumstances at issue here,

the Court recommends dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

### III.  Conclusion

For the foregoing reasons, IT IS HEREBY **ORDERED** that the Order to Show Cause

[#75] is made **ABSOLUTE**.  Accordingly,

I respectfully **RECOMMEND** that Plaintiff's case against Defendants be **DISMISSED**

**with prejudice** pursuant to Fed. R. Civ. P. 41(b).

I further **RECOMMEND** that the pending Motions for Summary Judgment [#68 & 71]

be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is

assigned.  A party's failure to serve and file specific, written objections waives *de novo*

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

-7-

questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: February 7, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge